IN UNITED STATES DISTRICT COURT
FOR NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **EDWARD EAVES,**<br><br>      Plaintiff,<br><br>v.<br><br>**SECURITAS SECURITY SERVICES USA, INC** and<br>**HIGBEE KYG, LP d/b/a DILLARD'S INC.**<br><br>      Defendants. | **Civil Action No.:**<br><br>**Jury Trial Demanded** |

## COMPLAINT

COMES NOW Plaintiff, Edward Eaves, by and through his undersigned counsel and files this lawsuit against Defendants, Securitas Security Services USA, Inc. and Higbee KYG, LP doing business as Dillard's Inc., pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended, for overtime violations.

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over the federal claims asserted in this action under 28 U.S.C. §§1331, 1332, 1337, 1338, 1343(a) (4) 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as both Defendants are foreign corporations who conduct business in this District and as a substantial part of the events or omissions giving rise to the claims that occurred in this District.

3. Plaintiff asserts state based claims under the supplemental jurisdiction of this court, pursuant to 28 U.S.C. §1367, to hear and decide claims arising under the laws of the State of Georgia.  Jurisdiction is specifically conferred on the Court by 42 U.S.C. §2003-5(g).

## II.  STATEMENT OF CLAIMS

4. The instant lawsuit is for relief for Defendants' violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, et seq., as amended.

## III.  PARTIES

5. Plaintiff Edward Eaves (hereinafter, "Plaintiff" or "Mr. Eaves") is a resident of Gwinnett County, Georgia (within this District).

6. Mr. Eaves was employed by Defendants, Securitas Security Services USA, Inc., South Region and Dillards Incorporated (hereinafter, "Defendants").

7. Plaintiff is covered by §§ 203, and 207 of the FLSA for the period in which they were employed by Defendants.

8. Defendant, Securitas Security Services USA, Inc., is a foreign corporation with a business offices located at 600 Townpark Lane, Suite 140, Kennesaw, GA 30144 and 2801 Buford Hwy NE #400, Atlanta, GA 30329 (within this District).  Securitas Security Services, USA Inc. ("Securitas") may be served with process through their registered agent National Registered Agents, Inc. at 289 S. Culver Street, Lawrenceville, GA, 30046-4805, and is subject to the jurisdiction of this court.

9. Defendant Higbee KYG, LP, doing business as Dillard's Inc., is a foreign corporation who conducts business at Dillard's, a commercial department store, at 4500 Ashford Dunwoody Road NE, Dunwoody, DeKalb County, GA 30346 (within this District).

Higbee KYG, LP may be served via its registered agent C T Corporation System at 289 S. Culver Street, Lawrenceville, GA 30046.

10. Defendants conduct business within this State and District, and at all times relevant to this lawsuit managed employees, such as Plaintiff. As such, Defendants are subject to the jurisdiction of this Court.

11. Defendants are employers as defined by § 203(d) of the FLSA. Defendants are subject to the provisions of the Fair Labor Standards Act of 1938, as amended, and the laws of the state of Georgia.

12. Mr. Eaves was, at all times relevant to this action, an "employee" of the Defendants as defined at § 203(e)(1) of the FLSA, and is entitled to the protections provided thereunder.

13. Defendants were provided multiple opportunities to resolve the concerns described herein prior to the filing of this lawsuit.

## IV. GENERAL ALLEGATIONS

14. Mr. Eaves has been employed four years by Defendants as a "Security Officer" at Defendants' various client locations, including the Dillard's department store, at 4500 Ashford Dunwoody Road NE, Dunwoody, DeKalb County, Georgia.

15. Mr. Eaves was paid an hourly rate of $18.00 on a weekly pay schedule.

16. Mr. Eaves's employment commenced on or about September 20, 2020 and he remains employed.

17. Mr. Eaves is typically scheduled to work 40 hours a week, including Wednesday and Thursday 12pm to 8pm - 8 hour days; Friday and Saturday 11am to 8pm - 9 hour days and Sunday 12pm to 6pm - 6 hour days.

18. Mr. Eaves' hours worked each week regularly exceed the 40 hours he was scheduled to work.

19. Mr. Eaves is not required to manually clock in or out.  He calls Securitas' automated phone  system to report his arrival and departure times, and he relied on Securitas to accurately record his work hours, which Securitas failed to do.  Instead, Securitas recorded less time than Mr. Eaves actually worked to avoid paying him overtime.

20. In addition to the 1.6 hours of off the clock work he performed at close of each shift (20 minutes per shift - 5 days), he is owed for his working lunch breaks.

21. Mr Eaves was unable to take his allotted 30 minute lunch breaks due to work-related interruptions because he was typically the only security guard on duty for the entire store.  This amounted to 2.5 hours of additional work each week.  Even if Plaintiff could take a lunch break, Defendants restricted  him to remaining on Dillard's premises because no other officers were available to respond to security events or emergencies.

22. Mr. Eaves working lunch and off the clock hours total approximately 4.1 hours each week, which are compensable at the rate 1.5 times his regular hourly rate ($27.00).

23. Defendants have a written meal break policy where their employees have a lunch break.  Dillards control room managers informed Plaintiff that, because he was the only security officer working, that he was expected to remain available to respond to emergencies during his lunch breaks.

24. Despite Defendant's acknowledgement that Plaintiff was expected to remain on duty during his lunch breaks, Defendants have attempted to have Plaintiff contractually waive his right to be compensated for lunch breaks where he essentially remained on duty. *See Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin.*, Wage & Hour Div., 679 F.2d 1350, 1352 (11th Cir. 1982) ("FLSA rights cannot be abridged by contract or otherwise waived"); *see also Gelber v. Akal Sec., Inc.*, 14 F.4th 1279 (11th Cir. 2021) (An employee must be completely relieved from duty for the purposes of eating regular meals for the time to be non-compensable under FLSA; the employee is not relieved if he is required to perform any duties, whether active or inactive, while eating.")

25. During the 18 weeks of his employment since he began working at Dillard's, he worked approximately 73.8 hours of unpaid overtime.

26. Mr. Eaves is owed a total of 1,992.60 for 73.8 hours of unpaid overtime. Defendants' failure to pay him overtime for all of the hours he worked exceeding 40, violated the Overtime Provisions of the Fair Labor Standards Act. This calculation already accounts for the 54 hours vacation and PTO he took after being assigned to Dillard's.

27. On or about September 28, 2020, Defendants required Mr. Eaves to provide a Securitas employee with his VISA credit card so they could pay for the fingerprinting required for his background check. Mr. Eaves requested reimbursement for the cost via email dated October 13, 2020, but was never

reimbursed for the $39.00 he spent on the fingerprinting, which constitutes an unlawful deduction from his pay that further reduced his unpaid overtime.

28. Securitas has a practice of recording Mr. Eaves departure time based on his set work schedule, rather than the actual time he is required to complete his closing duties.

29. Mr. Eaves is often the only security officer working his shift. His primary duties currently include patrolling the three floor levels of the Dillard's store, ensuring the safety of the customers and employees, responding to incidents, apprehending shoplifting suspects and retrieving stolen merchandise.

30. After the closing announcement, he often has to wait with store employees to clear out customers who frequently remain in the store well after it is closed to complete their shopping and purchases at the checkout counters.

31. Dillard's managers required Mr. Eaves to walk the floors to ensure that the customers were leaving and monitor the safety of the employees, many of whom were closing their cash drawers.

32. On or about June 29, 2022, Securitas' District Manager, Shawn Anderson, informed Plaintiff that he would need to receive permission from Dillard's management to stay beyond 8:00pm in order to work overtime. Despite Dillards regular requests and approvals that Plaintiff stay later to work overtime, Defendant's failed to pay Plaintiff overtime hours owed.

33. Although Mr. Eaves' manager informed him that he will not be approved to work beyond 40 hours a week, Securitas is well aware that the Dillards' managers

frequently required him to remain after closing hours to clear out and secure the building after closing hours.

34. Securitas has repeatedly acknowledged his dedication to his job, and has never attempted to discipline him for continuing to work after the store closed. Waiting for customers and employees to exit the store typically adds an additional 20 minutes to each work day that Securitas failed to record.

35. FLSA requires employers pay overtime for hours worked in excess of forty (40) in a workweek of at least one and one-half times their appropriately calculated regular rates of pay. Accordingly, Mr. Eaves is unequivocally entitled to full payment for overtime hours worked, and he does not qualify for any of the recognized exemptions from the protections of FLSA.

36. Mr. Eaves was paid an hourly non-exempt rate during the entire course of his employment, and regularly worked more than 40 hours a week.

37. Defendants deliberately avoided paying Mr. Eaves his full compensation earned by refusing to pay Mr. Eaves for all hours worked in excess of 40 hours each week. This practice is illegal under the Fair Labor Standards Act.

38. The Fair Labor Standards Act requires employers to pay employees for every hour worked at their regular rate of pay up to 40 hours each week. Employers must pay employees overtime pay for hours worked in excess of forty (40) in a workweek of at least one and one-half times their regular rates of pay.

39. Since Securitas knew or should have known that Mr. Eaves was working the aforementioned overtime hours, it was obligated to pay him overtime, regardless of

whether he was authorized to do so.  Accordingly, Mr. Eaves is unequivocally entitled to full payment for his hours worked and he does not qualify for any of the recognized exemptions from the protections of FLSA.

40. Defendants knowingly accepted the benefit of the work performed by Mr. Eaves, without compensation.  Such conduct demonstrates bad faith and undue advantage on the part of Securitas, and it would be unjust and inequitable for Securitas to retain the benefit of the unpaid work performed.

### V.  CAUSES OF ACTION

### COUNT ONE
### FAILURE TO PAY OVERTIME

41. Plaintiff repeats, re-alleges and reiterates the foregoing allegations set forth in the preceding paragraphs, as set forth herein and states:

42. By its actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations as detailed herein, by failing to properly pay overtime wage compensation to Plaintiff in accordance with §§ 203, and 207 of the FLSA.

43. Plaintiff was not an exempt employee under FLSA.

44. Defendants deliberately avoided paying Mr. Eaves his full compensation earned by failing to compensate Mr. Eaves for all hours worked in excess of 40 hours per week.

45. Defendant was aware that it could not lawfully deny Plaintiff his appropriately calculated overtime wages.

46. In fact, Defendant's EEO Investigator, Courtney Sigman, acknowledge on September 6, 2022 that Defendants' time records revealed that Plaintiff was owed at least 21.28 hours

of overtime that Defendants had failed to pay Plaintiff, which included hours that he had been approved to work.

47. After receiving Plaintiff's demand letter regarding Defendants ongoing FLSA violation dating back to at least April 2022, Defendant recently attempted to pay Plaintiff a portion of the unpaid overtime owed to him, without addressing the full amount of overtime he is owed, his liquidated damages and attorneys fees.

48. Plaintiff has not accepted any payments from Defendants as a settlement of his claims herein.

49. Defendant has not made a good faith effort to comply with the FLSA with respect to Plaintiff's overtime compensation.

50. As a result of Defendants' violations of the FLSA, Plaintiff suffered damages by failing to receive overtime compensation in accordance with §§ 203, and 207 of the FLSA.

51. As a result of the unlawful acts of Defendants, Mr. Eaves was deprived of overtime compensation in an amount to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, costs, attorneys' fees, and other relief.

## COUNT TWO
## RETALIATION

52. Plaintiff incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

53. Since the start of his work at Dillards in April 2022, Plaintiff repeatedly complained to both Securitas and Dillards supervisors (Aprile Porter) about not being compensated for the extra hours worked well after the store was closed. Ms. Porter said she was looking

into the matter but never got back to Plaintiff. In June 2022, another Dillard's supervisor told Plaintiff to "drop it."

54. On July 20, 2022, Plaintiff complained via email to Tammy Knight that he did not receive payment for overtime hours. She never responded.

55. On July 20, 2022, Plaintiff complained via email to Sheree Ross that he did not receive payment for overtime hours. She never responded.

56. On July 22, 2022, Plaintiff complained via email to Ms. Knight and Ms. Ross that he did not receive payment for overtime hours. They never responded.

57. On July 23, 2022, Plaintiff complained via email to a Securitas supervisor Tammy Knight and Securitas' Vice President Sheree Ross about not being paid overtime for extra hours worked at closing, and he received no response.

58. On August 20, 2022, Plaintiff complained via email to Dillard's Store Manager, Aprile Porter, that he did not receive payment for overtime hours, including for work performed during his interrupted lunch break.

59. Between April 2022 to August 25, 2022, Plaintiff complained via email and verbally about not being paid appropriately for his time at least 50 times.

60. Each day when Plaintiff arrives at work he is required to call in his arrival time to Securitas' automated phone system and then he manually clocks in with Dillard's using his bar code strip. Each day when Plaintiff leaves for the day, he manually clocks out with Dillard's using his bar code strip, and then calls in his departure time in Securitas' automated phone system.

61. After Plaintiff sent Defendants a formal demand for payment of his unpaid overtime on August 25, 2022, Defendants began attempting to manufacture time and attendance problems regarding Plaintiff, when they know he has no history of such issues.

62. For example, on August 31, 2022, Plaintiff's District Manager, Francis Spencer, whom Plaintiff has never met, accused him of not clocking in until an hour after his arrival time on August 26, 2022.  Mr. Spencer texted Plaintiff, "Hey Edward, what time did you arrive on Friday?  It shows you clocked in at 12pm instead of 11am, as scheduled." Spencer's claim was absolutely false because Plaintiff called into Securitas' automated time clock system at about 11:04 am on August 26, 2022.  Spencer's call was intended to harass Plaintiffs for asserting his right to demand payment under the Fair Labor Standards Act.  Plaintiff had never received any prior calls from management questioning his clock-in times.

63. On September 1, 2022, Plaintiff inquired about his PTO balance so he can take some time off.  Securitas' Vice President Sheree Ross falsely claimed that Plaintiff had no PTO time available to use and would not accrue any additional PTO until September 29, 2022. Again, Ross' claim was demonstrably false and intended to harass Plaintiff for asserting his right to demand payment under the Fair Labor Standards Act.  Ross later acknowledged on September 15, 2022 that Plaintiff did have the PTO available to use when he first inquired about it on September 1, 2022.

64. Furthermore, Defendants are now threatening to discipline Plaintiff for not using Dillard's time tracking system to clock in and out, and for not requesting "approval" for continuing to work after his scheduled shift ends.

65. Dillard's store managers, assistant managers, department managers and control room operators routinely require that Plaintiff stay well after his shift ends to provide security when lagging customers are being cleared from the store. Plaintiff regularly informed Securitas of Dillard's request that he stay after 8:00pm and complained that he was not being paid for the additional time.

66. Prior to submitting his demand letter on August 25, 2022, Defendants have never been counseled, disciplined or threatened to discipline Plaintiff for not requesting "approval" for continuing to work after his scheduled shift ends.

## COUNT THREE
## BREACH OF CONTRACT

67. Plaintiff incorporates all allegations contained in the foregoing paragraphs, as set forth herein and states:

68. Defendants entered into valid and enforceable contracts to pay the Plaintiff for all hours worked.

69. Plaintiff was to be paid the specified rate identified on their pay records for each hour worked.

70. Plaintiff performed work on behalf of Defendants as agreed, but Defendants failed to pay the wages it was required to pay as a result of the policies identified above.

71. Defendants had both actual and constructive knowledge that Plaintiff performed work without full payment of her overtime.

72. The Plaintiff performed the work at Defendants' direction and for Defendants' benefit.

73. Consequently, Defendants are liable to the Plaintiff.

## COUNT FOUR

## QUANTUM MERUIT

74. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

75. Valuable services were rendered to Defendants by Plaintiff and similarly situated employees.

76. The services were accepted, used and enjoyed by Defendants.

77. A reasonable person would have expected to compensate Plaintiffs for such use and enjoyment.

78. Plaintiffs had a reasonable expectation of receiving compensation for the services which were rendered.

## COUNT FIVE
## UNJUST ENRICHMENT

79. Plaintiff reasserts and incorporates herein each and every allegation in the preceding paragraphs of this Complaint as if set forth fully in this count of the Complaint.

80. Defendants have been unjustly enriched at the expense of Plaintiff by failing to pay for work performed by Plaintiff.

81. Defendants knowingly and/or intentionally accepted the benefit of the work performed by Plaintiff, despite its policy and practice of failing to pay Plaintiff for such work.  In particular, Defendants received the benefit of the labor and services provided by Plaintiff.

82. Such conduct demonstrates bad faith and undue advantage on the part of Defendants.

83. It would be unjust and inequitable for Defendants to retain the benefit of the unpaid work performed by Plaintiff.

**PRAYER FOR RELIEF**

84. Wherefore, Plaintiff prays that process is issued according to law and demands judgment against Defendants as follows:

   a. General compensatory damages for retaliation including but not limited to damages for mental anguish and emotional distress;

   b. Unpaid overtime

   c. Liquidated damages;

   d. Lost wages and back pay

   e. Reimbursement for all expenses and wages wrongfully withheld;

   f. An order conditionally certifying this matter as a collective action;

   g. An order requiring Defendants to correct its pay practices going forward;

   h. Reasonable attorney's fees, costs, and expenses of this action;

   i. Pre-judgment interest (to the extent liquidated damages are not awarded) and post judgment interest; and

   j. Such other and further and different relief as this court deems just and appropriate.

Respectfully submitted this 25th day of September, 2022

/S/ Arnold J. Lizana
Law Offices of Arnold J. Lizana III
GA Bar No.: 698758
1175 Peachtree Street NE, 10th Floor
Atlanta, GA 30361
Tel./Fax 877-443-0999
alizana@attorneylizana.com

**ATTORNEY FOR PLAINTIFF**